SOUTHERN INDUSTRIAL REALTY,
INC., Plaintiff,

v.

William J. NOE; Jorge Lucas P. Valdivieso; and Federal Deposit Insurance
Corporation, Defendants.

Civ. No. 81–1572 (JAF).

United States District Court,
D. Puerto Rico.

Jan. 29, 1986.

Francisco M. Troncoso, Fiddler, Gonzalez & Rodriguez, San Juan, Puerto Rico, for Southern Indus. Realty, Inc.

Frank L. Skillern, Jr., Myers N. Fisher, Michael B. Burgee, Wayne D. Baller, Federal Deposit Ins. Corp., Washington, D.C., Felstein, Gelpi, Hernandez & Castillo, San Juan, Puerto Rico, for Federal Deposit Ins. Corp.

Charles A. Cuprill-Hernandez, Ponce, Puerto Rico, for Jorge Lucas Valdivieso.

David Carrion Fuentes, Bufete Carrion Fuentes, San Juan, Puerto Rico, for William J. Noe.

## MEMORANDUM OPINION AND ORDER OF JUDGMENT

FUSTE, District Judge.

Plaintiff, Southern Industrial Realty, Inc. (SIR) brought this action seeking cancellation of a mortgage on real property which secures payment of a certain promissory note executed and delivered by plaintiff to the former Banco Crédito y Ahorro Ponceño (Bank). Defendant Federal Deposit Insurance Corporation (FDIC) is now the holder of the note having acquired same pursuant to 12 U.S.C. former § 1823(e). The basic contention espoused by SIR in the Amended Complaint is that the loan evidenced by the note had been obtained for the exclusive and personal benefit of defendants William J. Noe (Noe) and Jorge Lucas P. Valdivieso (Valdivieso), both of whom were shareholders, directors and officers of this closed corporation. The Amended Complaint also alleges that the loan and subsequent guarantees were made without the knowledge or consent of Rafael R. Vizcarrondo (Vizcarrondo), the only other shareholder, director and officer of SIR. The relief requested consists principally of the cancellation of the mortgage and assignment of lease securing payment of the note now held by the FDIC, and the return of all amounts collected by the FDIC. This relief, according to the Amended Complaint, is justified since the acts of defendants Noe and Valdivieso constituted a breach of their fiduciary duty as directors and the transactions were *ultra vires*.

The FDIC counterclaimed for judgment in the amount due and owing on the note, and seeking foreclosure of the mortgage securing payment thereof. In its answer to this counterclaim, SIR again alleged as affirmative defenses that the execution of the mortgage and assignment of lease was illegal and *ultra vires*.

A motion for partial summary judgment was filed by SIR on February 16, 1981.

The summary judgment requested was apparently deemed partial because it would grant the relief requested as to cancellation of the mortgage and the assignment, but would not include any monetary award. The FDIC responded to this motion and on March 8, 1982, the motion was denied by order of the Hon. Carmen Consuelo Cerezo, Judge of this Court.

On February 25, 1983, SIR filed an amended motion requesting summary judgment against the FDIC. A cross-motion requesting summary judgment on the counterclaim was filed by the FDIC on June 1, 1983. As part of its response to the cross-motion and in compliance with local rules, SIR filed a statement of issues of material facts dated August 2, 1983. Among the issues so presented by SIR are the following:

6. Whether the Federal Deposit Insurance Corporation had actual knowledge of the fraud perpetrated by the bank and others before it acquired the assets in question.

7. Whether Mr. José F. Blasini and Attorney José M. González Romanace knew or should have known that the loan documents were fraudulent because the Certificate of Corporate Resolution was subscribed by a person other than Rafael R. Vizcarrondo, who was the secretary and was the person appearing in the documents which they prepared.

8. Whether Mr. William J. Noe and Jorge L.P. Valdivieso were directly pressured by the bank and indirectly pressured by the FDIC and were thereby forced to restructure the loan they had made for Auto Sur and Auto Rey, Inc. for their personal benefit and in order to improve the position of the bank.

By order dated June 13, 1983, the Court denied SIR's motion on grounds that there were present genuine issues of material

fact which precluded entry of judgment for SIR. The Court also denied at that time the cross-motion filed by the FDIC in view of the fact that trial was scheduled for the end of that month. The trial having been subsequently continued, by order entered on June 29, 1983 the Court reinstated the cross-motion for summary judgment filed by the FDIC, which motion was timely opposed by SIR.

On August 31, 1983, the Court issued an opinion and order holding that the FDIC is protected from ordinary fraud claims in connection with assets acquired in a purchase and assumption transaction unless claimant could establish that the FDIC had knowledge of the fraud at the time it purchased the note. SIR having made an offer of proof to the effect that it could establish actual knowledge by the FDIC of the alleged fraud through the testimony of various witnesses from whom it had been unable to obtain affidavits, the Court held in abeyance its decision on the FDIC's cross-motion for summary judgment pending an evidentiary hearing on the limited issue of actual knowledge of fraud.

After much delay caused in part by requests for continuances, the filing of a petition in bankruptcy by SIR,[1] and the disqualification of the judge to whom the case was assigned, an evidentiary hearing was finally commenced on November 20, 1985. The same was concluded before the undersigned on January 16, 1986, after the assigned Magistrate recused himself.

The evidence presented during the evidentiary hearing does not show that the FDIC had actual knowledge of any fraud, nor even the existence of the alleged fraud. The Court is fully convinced, after reviewing the evidence in the light most favorable to the plaintiff, that there is absolutely no basis for a finding of fraud.[2]

---

1. On June 12, 1984, the United States Bankruptcy Court for the District of Puerto Rico entered an order modifying the stay in case number B–83–01521(A) to permit the instant case to be prosecuted to final judgment with respect to the claims of the plaintiff and the FDIC.

2. Allegations of fraud are afforded special treatment. A party alleging fraud has specific duties on pleading drafting. Fed.R.Civ.P. 9(b). The duty of those asserting fraud does not end with the particular statement of the circumstances constituting fraud. The Rule 9 duty has to be seen in light of Fed.R.Civ.P. 7, 11. These rules

In his Opinion and Order of August 31, 1983, the Hon. Raymond L. Acosta came to the following conclusion:

> We do not agree with plaintiff's position. Regardless of the internal problems existing between the shareholders of SIR, the necessary documents for the loan and liens at issue in this case were executed by officers of SIR vested with apparent legal authority to bind the corporation. They executed the documents as officers of SIR and provided a corporate resolution, which on the face of it sanctioned the transaction.

The documentary and testimonial evidence subsequently adduced in the evidentiary hearing fortifies that conclusion. The documents presented by plaintiff itself show a loan, evidenced by a promissory note, secured by a mortgage, with a certificate of corporate resolution executed before a notary public authorizing the transaction. The documents relating to the disbursement of the proceeds of the loan show that of the total of $304,520.00, the prior indebtedness of another corporation, Auto Sur, Inc., in the amount of $233,404.29 was satisfied. The three principals of plaintiff, Noe, Valdivieso, and Vizcarrondo, were also shareholders, directors and officers of Auto Sur, Inc. Plaintiff contends that the classification of the loan to Auto Sur, Inc. in the reports of examinations rendered by the FDIC should have alerted the FDIC to the fact that the loan to plaintiff was being used for the benefit of Auto Sur, Inc. and Noe and Valdivieso as personal guarantors of the classified indebtedness.[3] The FDIC, on the other hand, invites reliance on cases holding that the knowledge acquired by bank examiners in the open-bank division is not attributed to FDIC's closed-bank division when undertaking a purchase and assumption transaction. *Gilman v. FDIC*, 660 F.2d 688, 694–95 (6th Cir.1981); *FDIC v. Merchants Nat. Bank of Mobile*, 725 F.2d 634, 640 (11th Cir.1984); *FDIC v. Leach*, 772 F.2d 1262, 1268 (6th Cir.1985) (concurring opinion). Neither position need be adopted here. The mere fact that a substantial part of the proceeds were utilized to repay loans to another corporation does not constitute fraud. The remainder of the proceeds was utilized to pay fees and expenses relating to the loan transaction, indebtedness of the plaintiff to the Bank, satisfaction of a mortgage note payable to the father of Vizcarrondo, and to provide funds for improvements to plaintiff's property.

Plaintiff also presented in evidence drafts of documents relating to the loan transaction in which the names and titles of the officers of SIR who were to execute documents were changed by handwritten notes, admittedly made by Valdivieso. The note and mortgage were signed by Noe as President of SIR, and the Certificate of corporate resolution authorizing the execution thereof by Noe was signed by Valdivieso as Assistant Secretary of SIR, and was signed before a notary public. Plaintiff apparently contends that the fact that Vizcarrondo's name appears as secretary of SIR in the drafts of the documents somehow required that he execute the documents at the closing. Even were we to accept this premise, which we do not, the closing was effected in the office of the attorney for the Bank. The evidence does not show any knowledge by the FDIC of any purported fraud.

The testimony of Valdivieso, offered by plaintiff, establishes that the meetings of directors of SIR were held on an informal basis and no minutes of said meetings were kept. The transaction in question had been discussed among the directors on several occasions prior to its execution and although Vizcarrondo expressed his opposi-

---

are clear about the fact that pleadings signed by counsel carry a warranty of quality and content. Fraud cases are, by virtue of Rule 9, in a higher warranty classification. The rules have a built-in stop-and-think obligation on the good quality of the matters asserted. As to the alleged fraud in this particular case, we find that the plaintiff's pleaded positions deserve its examination of conscience.

**3.** Some of the exhibits indicate that Vizcarrondo also was a personal guarantor of the indebtedness of Auto Sur, Inc.

tion to the transaction, the other two directors, Noe and Valdivieso, had given their consent and had actually negotiated and closed the loan. The Bank's attorney testified that he relied on the authority of Noe as reflected by the certificate of corporate resolution signed by Valdivieso. Both Valdivieso and Vizcarrondo are lawyers. Valdivieso denied that he had committed any fraud or that he had apprised the Bank of any irregularity that could have affected the validity of the transaction. Independently of this denial by Valdivieso, this Court finds insufficient evidence of fraud or of any knowledge of fraud by the FDIC.

Plaintiff's other contention that it was coerced somehow into accepting the transaction is also bereft of support. Two letters written to Valdivieso by Eugenio H. Fontanes, Senior Vice-President of the Bank, were introduced into evidence by plaintiff. These letters refer to indebtedness of Dorado Auto Sales, another entity in which the three principals of SIR were interested. The letters are collection efforts, but do not give any indications of any improper coercion. Mr. Fontanes, also called on behalf of plaintiff, testified that these endeavors at collection were no different from those used with respect to other debtors and that such collection efforts were part of his duties at the Bank.

One further aspect of the testimony merits comment. Valdivieso testified that he expressed the opinion at the closing that Vizcarrondo would not sign the documents. The implication was that this statement was made to a Bank officer or to the Bank's attorney and was the reason for the handwritten changes in the drafts of documents. The Bank's attorney denied that any such statement was made in his presence. Two of the Bank's officers testified on behalf of plaintiff, but neither was questioned about this. This testimony, even if credible, would not be sufficient to delay the granting of summary judgment here. The testimony does not even remotely show knowledge of the purported statement by the FDIC.

SIR has failed to meet its burden in bringing sufficient evidence supporting the claimed factual dispute to require a jury or judge to resolve the parties' differing versions of the truth at trial. *General Office Products Corp. v. A.M. Capen's Sons, Inc.,* 780 F.2d 1077, 1078 (1st Cir.1986). Plaintiff has had an opportunity since Judge Acosta's order on August 31, 1983, to obtain and present evidence of the alleged fraud and knowledge thereof by the FDIC. The evidence it has presented does not show the "existence of an issue of fact which is both 'genuine' and 'material'." *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976), *quoted in John M. Taylor v. Hercules, Inc.,* 780 F.2d 171, 173–74 (1st Cir.1986). Such factual disputes as appear from the evidence could not affect the outcome of this litigation. *Id.*

On the basis of the above, the Court now finds that there is no genuine issue as to any material fact and that the FDIC is entitled to a judgment as a matter of law. There being no just reason for delaying entry of judgment on the counterclaim and dismissing the complaint against the FDIC, judgment will be entered

(a) dismissing the complaint against the FDIC, with prejudice;

(b) decreeing that the FDIC have and recover of SIR all amounts payable to the FDIC on the counterclaim;

(c) decreeing and ordering the foreclosure of the mortgage securing the payment of the note in question, according to law; and

(d) execution of said judgment shall be stayed until the stay afforded by Section 362 of the Bankruptcy Code, 11 U.S.C. § 362, shall be terminated or modified to permit such action.

In view of the time that has elapsed, the FDIC is granted a term of five (5) days from the date of this order to submit an affidavit of the amounts presently payable on the note, in substitution for the affidavit

in support of the cross-motion for summary judgment which was dated May 26, 1983.

IT IS SO ORDERED.