**Alan Peter QUIN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 85–2273 (JAF). (Related to Cr. 82–63 (TR).)**

United States District Court, D. Puerto Rico.

Jan. 22, 1987.

John M. García, San Juan, P.R., Barry M. Fallick, New York City, for plaintiff.

Roberto Moreno, Asst. U.S. Atty., Daniel F. López Romo, U.S. Atty., San Juan, P.R., for defendant.

## OPINION AND ORDER

FUSTE, District Judge.

This case is before us on petition for writ of federal habeas corpus, 28 U.S.C. sec. 2255. Petitioner Quin, a British citizen, is on parole, having served part of his sentence for having aided and abetted in unlawfully, knowingly, and intentionally possession approximately 41,000 pounds of marijuana, in violation of 18 U.S.C. secs. 2, 7(1) and 9, and 21 U.S.C. sec. 955a(a). Quin appealed the conviction, citing alleged fourth amendment rights violations. His conviction was upheld. *See United States v. Burke,* 716 F.2d 935 (1st Cir.1983). Having been released from prison, Quin now finds himself the object of deportation proceedings brought by the U.S. Immigration and Naturalization Service. It is this administrative proceeding the precipitating force behind this petition. Quin now contends that "he was denied the effective assistance of counsel by the failure of his attorney to advise him of the direct and collateral consequences of his decision to stipulate to a bench trial based upon the minutes of the suppression hearing;" that

is, "that his decision ... was not truly understanding and voluntary." We wish to point out that petitioner raised none of these issues in his appeal. Furthermore, the record in Criminal 82–63 shows that Judge Torruella carefully proceeded after defendant waived his right to a trial by jury. A consent to that effect was signed by him and counsel. The same was filed with the Clerk.

An evidentiary hearing pursuant to Rule 8 of the Rules governing proceedings in the United States district courts under Section 2255 was held on December 17, 1986.[1] Neither petitioner nor his retained stateside counsel appeared. Quin's local counsel was present, but he presented no evidence and stated only that for purposes of the petition we should assume petitioner's statements to be true.

The basis of Quin's complaint appears to be that his attorney or the trial court never told him that he would face deportation as a result of his conviction. While Quin offers many citations which discuss the burden of deportation as a penalty, he cites no basis in law or jurisprudence to support his contention that failure to be placed on notice of the fact of deportation vitiates his knowing and voluntary waiver of a trial by jury. Petitioner devotes much of his argument to waiver of the right to jury trial by the entering of a guilty plea, a scenario which did not happen here. We find Quin's bold attempt to equate this particular bench trial with a guilty plea to be an unreasonable and vexatious twisting of criminal procedure. Given the fact that petitioner's own counsel, in his brief, noted that in *United States v. Campbell*, 778 F.2d 764 (11th Cir.1985), the court stated that Fed.R.Crim.P. 11 does not impose upon trial counsel an obligation to advise an alien defendant of the potential deportation consequences of a guilty plea, nor does it constitute ineffective assistance of counsel, we find this petition to be quite disturbing and frivolous.

In the real world, contrary to a potential law-school exercise, this petition can only be categorized as an attempt to delay the inevitable deportation proceeding. Counsel should remember that, nowadays, pleadings and documents which they sign carry a certificate of worthiness under penalty of very strict sanctions. Fed.R.Civ.P. 7 and 11. Counsel should make an examination of conscience. They will realize that such bold assertion does not pass muster under the rules 7 and 11 required warranty of quality and content. These rules have a built-in stop-and-think obligation on the good quality of the matters asserted, which obligation was not complied with here. *Southern Indus. Realty, Inc. v. Noe*, 628 F.Supp. 92, 93 n. 2 (D.P.R.1986). The petition to issue the writ is hereby DENIED.

A sanction in the amount of $2,000.00, payable to the Clerk, is hereby assessed against attorneys Barry M. Fallick and John M. Garcia for their violation of Fed.R. Civ.P. 7 and 11. *See also* 28 U.S.C. sec. 1927.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

---

**1.** Notice of the hearing was given on October 27, 1986.