IN RE : Nels Louis BERG; Rachael Ann Berg, Debtors,

Richard M. Kipperman, Chapter 7 Trustee, Plaintiff,

v.

Lory K. Berg, Successor Trustee of the Frances H. Berg Trust, Dated August 29, 1990; Nels Louis Berg; Rachael Ann Berg, Defendants,

Lory K. Berg, Successor Trustee of the Frances H. Berg Trust, Dated August 29, 1990, Counter–Claimant,

v.

Richard M. Kipperman, Chapter 7 Trustee, Counter–Defendant,

Lory K. Berg, Successor Trustee of the Frances H. Berg Trust, Dated August 29, 1990, Cross–Claimant,

v.

Nels Louis Berg; Rachael Ann Berg, Cross–Defendants.

Bankruptcy Case No. 09–17553–CL7 Adversary Proceeding No. 13–90174–CL

United States Bankruptcy Court, S.D. California.

Signed June 17, 2015

Arthur D'Egidio, D'Egidio Licari & Townsend, LLP, San Diego, CA, for Debtor.

## MEMORANDUM DECISION HOLDING SUMMARY JUDGMENT MOTIONS IN ABEYANCE PENDING TRIAL OF DISPUTED FACTS

CHRISTOPHER B. LATHAM, JUDGE
United States Bankruptcy Court

· The court finds that it may appropriately hold a summary judgment motion in abeyance pending resolution of disputed facts at an evidentiary hearing.

### I. PROCEDURAL BACKGROUND

### A. The Main Bankruptcy Case

Debtors Nels Louis and Rachael Ann Berg filed a voluntary Chapter 7 petition in 2009. Richard Kipperman was appointed as the Chapter 7 Trustee. Nels and

Rachael[1] received their 11 U.S.C. § 727 discharge in 2012.

## B. The Adversary Proceeding and the Evidentiary Hearing

Thereafter, Mr. Kipperman brought the above-captioned adversary proceeding, naming as defendants: Lory K. Berg, as successor trustee of the Frances H. Berg Trust, dated August 29, 1990; Nels Berg; and Rachael Berg. Nels and Rachael answered in due course. Lory answered and interposed counter- and crossclaims. She listed Mr. Kipperman, Nels, and Rachael as counter- and cross-defendants. The parties submitted a joint pretrial statement (the certificate of compliance with early conference of counsel) as required.

Mr. Kipperman moved for summary judgment, in which Nels and Rachael joined. They also also requested partial summary judgment on the cross-complaint. Lory opposed both motions. After initial oral argument on the motions, the court continued them to hold an evidentiary hearing to resolve two factual disputes—namely, whether Nels obtained an agreement through undue influence and whether he fully performed under that agreement.

The court tried the factual questions over three days. It received documentary evidence, and lay and expert witnesses testified. Thereafter, the parties submitted posttrial briefs, and the court took the matter under submission. On June 9, 2015, the court issued its memorandum decision (ECF No. 159). It found: that Nels and Frances Berg (his mother, now deceased) had a contract; that Nels did not obtain the contract through undue influence; and that he fully performed on it. The court will shortly return to the mo-

tions for summary judgment, but first issues this decision to clarify its authority to do so.

## II. DISCUSSION

■ A federal trial court may defer ruling on motions for summary judgment to determine disputed, material facts. First, Federal Rule of Civil Procedure 42(b) permits the court to bifurcate issues for trial. And second, the court may hold a summary judgment motion in abeyance pending an evidentiary hearing. As a guiding principle, the Federal Rules of Procedure—both Civil and Bankruptcy—should "be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." FED.R.CIV.P. 1; FED. R. BANKR.P. 1001.

## A. Federal Rule of Civil Procedure 42 Authorizes the Court to Bifurcate a Case and Try Discrete Issues

■ Federal Rule of Civil Procedure 42(b) ("Rule 42(b)") provides in part: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b); FED. R. BANKR.P. 7042 (applying FED. R. CIV. P. 42 in bankruptcy adversary proceedings). Rule 42(b) confers "broad discretion" on the court "to bifurcate a trial to permit deferral of costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Jinro America Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 998 (9th Cir.2001), *opinion amended on denial of reh'g*, 272 F.3d 1289 (9th Cir.2001). "One favored purpose of bifurcation is to . . .

---

**1.** Because some of the parties have the same surname, the court refers to them by their first names. It intends no disrespect by this.

[avoid] a difficult question by first dealing with an easier, dispositive issue." *Danjaq L.L.C. v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir.2001) (citing *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir.1982)).

In *Jinro America Inc.*, the district court bifurcated a matter to make "an initial determination ... [of] whether the parties had entered into a valid agreement and, if so, what that agreement entailed." 266 F.3d at 998. The Ninth Circuit held that the district court "did not abuse its discretion in ordering the trial bifurcated." *Id.* (reversing and remanding on other grounds). It noted that the bifurcation "approach was a reasonable way to promote clarity and judicial economy, because the validity of the contract directly informed the resolution of the other claims." *Id.*

Here, similar to the district court's decision in *Jinro*, the court determined that it would promote clarity and judicial economy to first determine whether an agreement between Nels and Frances was valid and whether Nels performed on it. As in *Jinro*, the contract's validity—and Nels's performance—bears immediately upon the remaining claims.[2]

**B. The Court May Hold a Motion for Summary Judgment in Abeyance**

■ The court may hold a summary judgment motion in abeyance, even pending an evidentiary hearing. This practice has long been a common one. *See, e.g.,*

*Davis v. Grimes*, 64 F.Supp.3d 268, 270–71 (D.Mass.2014) (holding summary judgment motions in abeyance for possible evidentiary hearing); *Ohio Valley Envtl. Coal., Inc. v. U.S. Army Corps of Engineers*, 883 F.Supp.2d 627, 633 (S.D.W.Va.2012) (holding cross-motions for summary judgment in abeyance, conducting a four-day evidentiary hearing, and then disposing of the motions), *aff'd*, 716 F.3d 119 (4th Cir.2013); *Vehicle Mkt. Research, Inc. v. Mitchell Int'l, Inc.*, No. 09–2518–JAR, 2012 WL 5512340, at *1 (D.Kan. Nov. 14, 2012) (holding evidentiary hearing on defense of judicial estoppel after parties filed cross-motions for summary judgment); *Flamand v. Am. Int'l Grp., Inc.*, 876 F.Supp. 356, 366 (D.P.R.1994) (holding portions of summary judgment motion in abeyance pending an evidentiary hearing); *S. Indus. Realty, Inc. v. Noe*, 628 F.Supp. 92, 93 (D.P.R.1986) ("[T]he Court held in abeyance its decision on the FDIC's cross-motion for summary judgment pending an evidentiary hearing on the limited issue of actual knowledge of fraud."), *aff'd*, 814 F.2d 1 (1st Cir.1987); *Klanseck v. Prudential Ins. Co. of Am.*, 509 F.Supp. 13, 17 (E.D.Mich.1980) ("[T]he Court has reached the conclusion that the determination of Defendant's Motion For Summary Judgment requires an evidentiary hearing to adduce evidence in support of the ... defense relied on by defendant."); *Mahaska State Bank v. Weiler (In re Weiler)*, Adv. Proc. No. 01–20105, 2003 WL 25932294, at *1 (Bankr.S.D.Iowa May 27, 2003) (con-

---

2. Rule 42(b) also provides that the court, in ordering separate trials, "must preserve any federal right to a jury trial." FED. R. CIV. P. 42(b). The court recognizes that this issue may sometimes arise. *See Danjaq L.L.C.*, 263 F.3d at 961 ("We affirm the district court here, but with the caution that the bifurcation of laches from infringement may sometimes run afoul of the Seventh Amendment."); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

But it is not present here. Neither party requested a jury. And the bankruptcy court, as the trier of fact, will not usurp a jury's role. *See Stewart v. RCA Corp.*, 790 F.2d 624, 629 (7th Cir.1986) ("That the court had heard all of the pertinent evidence did not authorize the judge to resolve the dispute—unless the judge was to be the finder of fact for the case as a whole.... If the judge was entitled to resolve disputes at trial, he was entitled to try a single issue under Fed.R.Civ.P. 42(b).").

ducting evidentiary hearing on cross-motions for summary judgment in adversary proceeding); *Anderson v. Beardsley (In re Beardsley)*, 118 B.R. 120, 121 (Bankr. M.D.Fla.1990) ("The Court held a final evidentiary hearing on the Motions for Summary Judgment and finds the relevant matters as established at the hearing to be as follows...."). *See also United States v. Peery*, 862 F.2d 567, 568 (6th Cir.1988) (affirming district court's judgment after district court held motion for summary judgment in abeyance, conducted an evidentiary hearing, and then granted summary judgment). *Cf. Wolgast v. Richards*, 463 B.R. 445, 452 (E.D.Mich.2012) (holding Federal Rule of Civil Procedure 11 motion in abeyance pending resolution of a bankruptcy proceeding).

### C. This Approach Secures the Just, Speedy, and Inexpensive Determination of the Case

■ This approach to case management—holding summary judgment motions in abeyance and trying discrete facts—promotes the just, speedy, and inexpensive determination of this case. FED. R. BANKR.P. 1001. At the initial hearing on summary judgment, the court recognized that at least two material facts were genuinely disputed—the contract's validity and Nels's performance. But simply denying summary judgment then would not have furthered the efficient resolution of this case. To illustrate the point, the court contrasts its chosen method with two alternative procedural possibilities.

First, Federal Rule of Civil Procedure 56(g) ("Rule 56(g)") authorizes the court to enter partial summary judgment. FED. R. CIV. P. 56(g) ("If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute

and treating the fact as established in the case."); FED. R. BANKR.P. 7056 (applying FED. R. CIV. P. 56 in adversary proceedings). Thus under Rule 56(g) the court could have adjudicated all issues except the contract's validity and performance, and then proceeded to trial. But the court concluded that partial summary judgment was infeasible in this instance because, as discussed above, those two discrete issues directly affect the remaining claims. And the court declined to issue advisory opinions discussing varying scenarios: a valid or invalid contract with sufficient or deficient performance. The parties would therefore have been obliged to bring renewed motions for summary judgment once the relevant facts were established—at additional expense and time. Instead, the court has held their motions in abeyance and can now turn to them with the issues of the contract's validity and Nels's performance already tried.

Second, a decision denying summary judgment would not be final. *Ortiz v. Jordan*, 562 U.S. 180, 188, 131 S.Ct. 884, 178 L.Ed.2d 703 (2011) ("Ordinarily, orders denying summary judgment do not qualify as 'final decisions' subject to appeal.... Such rulings, we have observed, are 'by their terms interlocutory.' ") (quoting *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976)). Until a ruling becomes final, the court has discretion to reconsider it. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir.2001) ("The general rule regarding the power of a district court to rescind an interlocutory order is as follows: 'As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, *rescind,* or modify an interlocutory order for cause seen by it to be sufficient.' ") (emphasis in original) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir.1981)).

*See Geffon v. Micrion Corp.,* 249 F.3d 29, 38 (1st Cir.2001). *See also* FED. R. CIV. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); FED. R. BANKR.P. 7054(a) (applying FED. R.CIV.P. 54(b) in adversary proceedings). And the court may do so sua sponte. *Santa Monica Baykeeper,* 254 F.3d at 887–88. Accordingly, it could have denied summary judgment, and then after resolving certain factual issues at trial, reconsidered summary judgment. But this would have occasioned additional expense as well as interruption at trial. The parties would have prepared the entire case for trial, which their joint pretrial statement estimated to last a *minimum* of seven days. Instead, they prepared two discrete issues for trial, and the court held a three-day evidentiary hearing.

The court concludes that bifurcating the disputed issues for trial and holding the summary judgment motions in abeyance comports with the just, speedy, and inexpensive determination of this case.

### III. CONCLUSION

For the foregoing reasons, the court determines that it may hold summary judgment motions in abeyance pending resolution of discrete facts at an evidentiary hearing. Accordingly, when the court returns to consider the subject motions for summary judgment, it will rely upon the findings of facts and conclusions of law established in its June 9, 2015 memorandum decision.

IT IS SO ORDERED.