## CONTOIS v. STATE MUT. LIFE ASSUR. CO. OF WORCHESTER, MASS.

### No. 44CI202.

District Court, N. D. Illinois, E. D.
March 14, 1945.

Schnackenberg, Hansen & Towle, of Chicago, Ill., for plaintiff.

Defrees, Liske, O'Brien & Thomson, of Chicago, Ill., for defendant.

LA BUY, District Judge.

Defendant's motion to strike Count II of plaintiff's complaint.

■ Reference is made by plaintiff that under Federal Rules of Civil Procedure, rule 12(b), 28 U.S.C.A. following section 723c, defendant's motion to dismiss Count II of the complaint should have been made before defendant filed its answer. Plaintiff states "However, we shall not press the point that the motion to dismiss has been waived." Nevertheless the court feels that this matter should be disposed of. In the instant case the motion to dismiss was filed the same time as the answer and both were filed as one brief. The motion to dismiss precedes the answer. In Young v. Aetna Life Ins. Co., D.C., 1940, 32 F.Supp. 389, 391, the same question was raised on the waiver of the right to file a motion to dismiss. The court said: "The defendant has not waived its rights to the motion in question. Rule 12(b) * * * states 'No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading.' In effect, by virtue of the foregoing rule, in his answer, a defendant may present every defense that he possesses. Moore's Federal Practice, vol. 1, p. 648. * * *"

The sole question presented by defendant's motion is whether the death of the insured was caused by an accident within the time limited by the terms and language of the policy. The facts as disclosed by the complaint show that on September 29, 1943, insured-deceased was riding in a railway passenger car which was derailed and insured was "greatly injured, bruised and maimed in and about his body, arms and legs, evidenced by visible contusions and wounds on the exterior of the body and an injury, to wit: a perforation of a certain gastric ulcer in the stomach of the insured was effected, sustained and contracted on or about to wit February 4, 1944, by the sole means of and due directly to said accident, which perforation, directly and independently of all other causes, resulted in the death of the insured from general peritonitis at Chicago, Illinois, on February 10, 1944."

■ Considerable discussion has been directed by the plaintiff to the meaning of the words "accident" and "injury" and the court agrees that the terms are not synonymous. Plaintiff has cited cases dealing with the distinction and all of them arise under the Workmen's Compensation Laws. A contract of insurance cannot be interpreted in the same manner as a statutory provision. A contract is construed strictly according to its language; a law is construed according to its object and intent.

The injury complained of which caused death is the perforation of a gastric ulcer. The clause of the policy upon which the claim is based is as follows: "If due proof shall be furnished that the death of the insured occurred * * * as the result of accidental drowning or bodily injuries sustained or contracted * * * effected solely through external, violent and accidental means, directly and independently of all other causes, within 90 days after such injury was sustained, * * *"

There are four elements which must be satisfied under the above insurance clause: (1) death occurred; (2) as the result of bodily injuries sustained; (3) solely through external, violent and accidental means, directly and independently of all other causes; and (4) death of insured

occurred within 90 days after such injury was sustained.

In order to recover the deceased must have suffered an injury sustained through external violence as a result of accidental means. Neither the external violence nor the accident occurred on the date of the perforation of the ulcer. There must be a coincidence of external violence and accident under the clause in question. There must also be a coincidence of bodily injuries sustained or contracted through external, violent and accidental means. The injury referred to under the policy is the injury causing the death of the insured. Such injury must occur at the time of the external violence and at the time of the accident.

Some discussion has been presented on the Illinois rule and those of the federal and other state courts. The citation of Illinois cases has revealed most of them to deal with the causal connection between accident and pre-existing disease. None have been cited discussing the time element as set forth in the above insurance clause. The court feels that question must first be decided before the question of causal connection is considered. In this regard the Spaunhorst case (Spaunhorst v. Equitable Life Assur. Soc., 8 Cir., 1937, 88 F.2d 849) is analogous and has interpreted such a clause.

The defendant's motion to dismiss Count II of the complaint is sustained.