315 So.2d 556 (1975)
NU-WAY PLUMBING, INC., Appellant,
v.
SUPERIOR MECHANICAL, INC., Appellee.
No. 74-551.
District Court of Appeal of Florida, Second District.
July 11, 1975.
*557 David C. Holloman, Arcadia, for appellant.
Robert P. Rosin of Rosin, Abel & Band, Sarasota, for appellee.
McNULTY, Chief Judge.
The question we decide this day is whether a promisor, who assumes certain obligations of the promisee to a third party, may raise certain defenses against an action brought by that third party. Under the facts of this case, we answer the question in the negative.
The undisputed operative facts are as follows. Appellant, Nu-Way Plumbing, purchased all the stock of the Whidden Company. The purchase agreement contained the following provisions:
"In addition to the cash consideration immediately above delineated, the Purchaser agrees: (a) to assume and pay according to their amounts, tenor and effect the accounts payable of the Company which are represented and warranted by the Sellers as of this date to amount to a total sum of $89,422.42.

* * * * * *
"... [T]he Sellers have permitted the purchaser to examine the entire financial records of the Company which are true and complete and which have been prepared in accordance with generally accepted accounting principles which the Purchaser has examined and caused to be examined for the period of time ending June 8, 1972 which sum is guaranteed by Sellers as to amount." (Italics supplied.)
A schedule attached to the agreement reflected that the Whidden Company was indebted to appellee, Superior Mechanical, Inc., for materials and services supplied, in the sum of $13,459.89.
Subsequent to the aforesaid purchase, Superior Mechanical, Inc. brought this action, claiming only $12,559.85 on the aforesaid account, and judgment was entered for this latter amount together with costs. The trial judge precluded appellant from proceeding on an "Addendum To Answer" which sought to defend against the claim on the grounds that the materials and services had not indeed been received by Whidden. We think she was correct.
Although we have found no Florida case dealing with this precise point it is apparently generally recognized, as Corbin points out,[1] that with regard to a third party beneficiary contract such as this, in which the promisor assumes an obligation to a third party,
"There is nothing to prevent a promisor from undertaking a larger duty than the duty owed by the promisee to the beneficiary... . If he promises to pay a third party a sum claimed by him against the promisee, irrespective of defenses that the promisee may have, he is bound by his promise in the teeth of those defenses... ."
An analysis of the aforequoted portion of the agreement between Nu-Way and Whidden persuades us that clearly Nu-Way assumed a specific obligation represented by Whidden to be payable in an amount certain on an account with appellee.[2] *558 Obviously, full opportunity was afforded appellant to examine and audit the account, and the record reflects no dispute as between appellant and Whidden as to any of the accounts payable reflected in the aforementioned schedule attached to the agreement. The promise to pay those accounts, up to an agreed maximum sum,[3] was unconditional and indeed formed the basis of the consideration for the purchase by appellant of the Whidden stock. It is an obligation which is enforceable and it is rudimentary that the third party beneficiary has standing to enforce it.
In view whereof, the judgment appealed from should be and it is hereby
Affirmed.
HOBSON and BOARDMAN, JJ., concur.
NOTES
[1] 4 Corbin, Contracts § 821 (1951), at 281.
[2] As noted, it turned out herein that appellee claimed an amount less than that assumed by appellant; so any discrepancy on that point has been resolved to the advantage of appellant.
[3] We note here that the defenses sought to be interposed did not include an assertion that appellee's claim herein would have exceeded this maximum amount.