In re Gary Lee BEARDSLEY, Debtor.

Dorothy Joyce ANDERSON, f/k/a
Dorothy Joyce Beardsley,
Plaintiff,

v.

Gary Lee BEARDSLEY, Defendant.

Bankruptcy No. 89–6949–9P7.
Adv. No. 89–682.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 15, 1990.

Thomas Joel Chawk, Lakeland, Fla., for plaintiff.

K. Jack Breiden, Naples, Fla., for defendant.

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DE-
FENDANT'S MOTION FOR SUMMA-
RY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 case and the matter under consideration is a Complaint to determine the dischargeability of a debt owed by Gary Lee Beardsley, the Debtor/Defendant (Debtor) in this adversary proceeding, to Dorothy Joyce Anderson (Plaintiff). In the Complaint, the Plaintiff contends that the debt due and owing from the Debtor to the Plaintiff should be declared to be nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code.

The Plaintiff in this case filed a Motion for Summary Judgment and claims that she is entitled to judgment as a matter of law, and that the attorney fees from the dissolution of marriage proceeding which were awarded to her are nondischargeable under § 523(a)(5) of the Bankruptcy Code. The Debtor also filed a Motion for Summary Judgment seeking an order dismissing this adversary proceeding, and contends that the Plaintiff lacks standing in light of the fact that she seeks to have excepted from the Debtor's discharge a debt that is owed to her attorney and is not, and never was, owed to her. This Court is satisfied that the debt owed by the Debtor for services rendered to his former wife during the dissolution of marriage proceedings is, in fact, a debt owed to his former wife, the Plaintiff.

The parties agree that there are no genuine issues of material fact to be resolved in this adversary proceeding. The Debtor does not dispute that the child support payments and the child's medical insurance premiums are nondischargeable debts under § 523(a)(5) of the Bankruptcy Code. The only issues for this Court to resolve are whether the Plaintiff has standing to seek a determination that a debt for attorney fees incurred in a dissolution of marriage proceeding is a nondischargeable debt, and if the Plaintiff does have standing, whether the debt is, in fact, nondischargeable under § 523(a)(5) of the Bankruptcy Code.

The Court held a final evidentiary hearing on the Motions for Summary Judgment and finds the relevant matters as established at the hearing to be as follows:

At the time relevant, the Plaintiff and the Debtor, now former husband and wife, were involved in a dissolution of marriage proceeding which resulted in a Final Judgment of Dissolution of Marriage. Subsequently, an order granting the wife's Motion to hold former husband in contempt for failure to pay child support, health care-related expenses and attorneys fees was entered. The court there ordered the Debtor to pay to the wife $11,374.00. On the date this adversary proceeding was filed, the Debtor's remaining obligation to the Plaintiff was in the amount of $10,-172.65. As noted earlier, the Debtor does not dispute that the portion of the debt due and owing to the Plaintiff which is attributable to child support and medical insurance are nondischargeable obligations. The Debtor contends that the attorney fees awarded to his former wife actually represent a debt to her attorney and are not within the exception to the discharge provisions set forth in § 523(a)(5) of the Bankruptcy Code.

In addition to having the portion of debts attributable to child support and medical insurance declared nondischargeable, the Plaintiff seeks to have the portion of the Debtor's debt to her in the amount of $6,425.00, which is attributable to attorney fees for the Plaintiff during the dissolution of marriage proceeding, declared nondischargeable pursuant to § 523(a)(5).

Section 523(a)(5) of the Bankruptcy Code addresses the dischargeability of debt for alimony and provides as follows:

§ 523. **Exceptions to discharge.**

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of such spouse or child in connection with a separation agreement, divorce decree, or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily,, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance, or support.

It is appropriate to note at the outset that the purpose of the Bankruptcy Code is to provide the debtor with a fresh start, *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970), and the

debts owed by the Debtor who seeks relief in the Bankruptcy Court are assumed to be dischargeable unless the party complaining that the debt is nondischargeable meets the burden of proving that nondischargeability. *In the Matter of Bonanza Import and Export, Inc.*, 43 B.R. 577 (Bankr.S.Dist.Fla. 1984), *In re Garner*, 881 F.2d 579 (8th Cir.1989). A party seeking to have a debt declared nondischargeable under § 523(a)(5) of the Bankruptcy Code has the burden to establish with competent proof that the debtor's obligation is actually alimony, maintenance, or support of an individual debtor, and thus, is nondischargeable. *Tilley v. Jesse*, 789 F.2d 1074 (4th Cir.1986).

■ Attorney fees generated by a dissolution of marriage proceeding and ordered to be paid directly to the attorney were declared to be nondischargeable, notwithstanding the fact that they were not to be paid to the ex-spouse, because attorney fees are so tied in with the obligation of support as to be in the nature of support and, therefore, are nondischargeable. *In re Spong*, 661 F.2d 6 (2d Cir.1981). Therefore, this Court is satisfied that even if the Debtor's debt was to his ex-wife's attorney rather than to the ex-wife, which is not the case in the present instance, the debt would be nondischargeable. As noted earlier, the award of attorney fees was awarded directly to the former spouse of the Debtor, and thus, represents a debt owed by the Defendant to his ex-wife. ·This leaves for consideration whether or not the award to compensate the Debtor's former spouse for attorney fees incurred by her is in the nature of support, thus nondischargeable. Obligations to pay attorney fees for the former spouse may be declared nondischargeable if the attorney fees are related to obtaining the enforcement of alimony, maintenance, or support payments. *In the Matter of Breen*, 50 B.R. 454 (Bankr.Del. 1985).

■ In light of the fact that the court orders regarding the parties' dissolution of marriage and subsequent related proceedings that are in this record all deal with the Debtor's obligation to pay child support, medical expenses, and attorney fees, this Court is satisfied that the attorney fees awarded to the Plaintiff are, in fact, intertwined with the child support and medical insurance obligations. Therefore, the Plaintiff is entitled to judgment as a matter of law. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Debtor be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Plaintiff be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the portion of the debt owed by the Debtor to the Plaintiff that is attributable to child support and the child's medical insurance premiums in the amount of $3,747.65 is declared to be nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor's debt to the Plaintiff's attorney on behalf of the Plaintiff in the amount of $6,425.00 be, and the same is hereby, declared to be nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code.

A separate Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.