616 So.2d 1190 (1993)
Cynthia Carrie PFEIFER, Appellant/Cross-Appellee,
v.
Stanley Johnson PFEIFER, Appellee/Cross-Appellant.
No. 92-1238.
District Court of Appeal of Florida, Fourth District.
April 21, 1993.
Nancy W. Gregoire and Joel L. Kirschbaum of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale for appellant/cross-appellee.
James W. Knight, Jr. and Richard Barnett of James W. Knight, Jr., P.A., Fort Lauderdale, for appellee/cross-appellant.
PER CURIAM.
We affirm the final judgment of dissolution, including the provisions for child custody and rehabilitative alimony, but we reverse the order denying the former wife's application for attorney's fees and costs.
We affirm the trial court's decision to permit each of the parties to have custody *1191 of the minor child a portion of each week because of the unique circumstances of this case, and the considerable discretion granted to the trial court on custody issues. Cf. Gerscovich v. Gerscovich, 406 So.2d 1150 (Fla. 5th DCA 1981). Because both parents have continued to reside in the same neighborhood after separation, and each has demonstrated their sincere desire to continue a strong and positive relationship with the child, we believe both should be given an opportunity to do so, provided the arrangement does not prove harmful to the child. The trial court made explicit findings that the custody arrangement would also minimize the conflicts between the parties while assuring extensive participation by each in the care and nurturing of the child. The parents here demonstrated not only sincere concern, but also that their employment schedules would facilitate, rather than hinder, the custody arrangement.
We reverse the denial of attorney's fees and costs to the former wife because of the existence of an undisputed and substantial disparity in the incomes of the parties. We reject the former husband's assertion that the wife is able to pay these fees out of other awards made to her. The purpose of the other awards, such as rehabilitative alimony, would be substantially undermined if they were required to be used for attorney's fees.
Accordingly, we affirm the final judgment of dissolution but reverse the denial of fees to the wife and remand with directions that reasonable fees and costs be awarded.
GLICKSTEIN, C.J., and ANSTEAD and KLEIN, JJ., concur.