In re Charles **FINLAYSON,** Debtor.

Sheri **SMALLWOOD,** Chartered, Plaintiff,

v.

Charles **FINLAYSON,** Defendant.

Bankruptcy No. 96–15870–BKC–RAM. Adversary No. 96–1404–BKC–RAM–A.

United States Bankruptcy Court, S.D. Florida.

March 2, 1998.

Lynn Gelman, Coral Gables, FL, for Plaintiff.

Timothy S. Kingcade, Coral Gables, FL, for Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ROBERT A. MARK, Bankruptcy Judge.

This Memorandum Opinion addresses the standards for determining whether attorney's fees awarded in a dissolution proceeding are excepted from discharge under § 523(a)(5) of the Bankruptcy Code. The issue is presented in Plaintiff's Motion for Summary Judgment Determining Debt to be Non Dischargeable ("Motion for Summary Judgment"), heard by the Court on November 18, 1997.

Plaintiff, Sheri Smallwood ("Plaintiff"), represented Bonnie McIntyre, f/k/a Bonnie Finlayson, ex-wife of Defendant Charles Finlayson ("Defendant" or "Debtor") in a state court dissolution action. The state court

judge ordered the Defendant to pay his wife's attorney's fees. The Court finds that the attorney's fees awarded to Plaintiff are excepted from discharge pursuant to § 523(a)(5), since the state court ordered the Defendant to pay the fees based upon need and ability to pay. Therefore Plaintiff's Motion for Summary Judgment is granted.

## I. Background

The debt at issue arose on August 30, 1995 when the Circuit Court of the 16th Judicial Circuit of the State of Florida in and for Monroe County (the "State Court") entered a Final Judgment of Dissolution of Marriage ("Final Judgment") in a dissolution action between the Debtor and Bonnie McIntyre (the "State Court Case"). Plaintiff was Ms. McIntyre's attorney. Paragraph 14 of the Final Judgment directs the Debtor to pay the sum of $15,885.94 to the Plaintiff for attorney's fees and costs incurred by Ms. McIntyre.

On September 20, 1996, the Debtor filed his Petition for Relief commencing this Chapter 7 case. On December 26, 1996, Plaintiff filed her Adversary Complaint Objecting to Discharge (the "Complaint"). In the Complaint, Plaintiff seeks to except from discharge the $15,885.94 awarded in the State Court Case under either § 523(a)(5) or § 523(a)(15) of the Bankruptcy Code.

On August 11, 1997, Plaintiff filed her Motion for Summary Judgment arguing that the debt is non-dischargeable as a matter of law under § 523(a)(5). The motion was argued at a hearing conducted on November 18, 1997. At the hearing, Plaintiff announced that she would consent to a dismissal of the § 523(a)(15) claim and proceed solely on the § 523(a)(5) claim.

The Court took the matter under advisement and granted Plaintiff leave to file a Supplemental Affidavit. Specifically, the Court wanted the record supplemented to confirm that Ms. McIntyre is obligated to pay Plaintiff's attorney's fees if the Debtor fails to pay the fees. On November 24, 1997, Plaintiff filed her Notice of Filing Supplemental Affidavit, together with a Supplemental Affidavit executed by the Plaintiff. The Supplemental Affidavit confirms that Ms. McIntyre is responsible for the payment of Plaintiff's attorney's fees, if the fees are discharged in this bankruptcy case or the Debtor does not otherwise pay them.

One other fact is potentially relevant. By Order and Final Judgment entered in a separate § 523(a)(5) adversary proceeding that Ms. McIntyre brought in connection with certain obligations of the Debtor to her under the State Court Final Judgment, only the Debtor's obligation to pay certain medical bills of Ms. McIntyre was excepted from discharge. Therefore, only a portion of Plaintiff's legal services were related to support obligations which are excepted from discharge under § 523(a)(5).

## II. Discussion

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Fed. R.Bankr.P. 7056. The plain language of Rule 56(c) mandates that the Court enter summary judgment, following sufficient time for discovery and upon motion, against any party that "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In determining whether or not there exists a dispute of a material fact, the Court must view the evidence presented through the "prism of the controlling legal standard." *Nebraska v. Wyoming*, 507 U.S. 584, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 2510, 91 L.Ed.2d 202 (1986).

As noted, the applicable statutory section here is § 523(a)(5). That section provides in pertinent part that a discharge under § 727 does not discharge any debt to a "former spouse ... for support of such spouse ... in connection with a separation agreement, divorce decree or other order of a court of record." The State Court's designation of the obligation in support is not controlling "unless such liability is actually in the nature of alimony, maintenance, or support." *Id.*

The issue of whether an award of attorney's fees in a state court dissolution action constitutes "support" within the meaning of § 523(a)(5) is a matter of federal law. See *In re Strickland*, 90 F.3d 444, 446 (11th Cir.1996), *citing In re Harrell*, 754 F.2d 902, 904–05 (11th Cir.1985). The role of the Bankruptcy Court involves a simple inquiry as to whether or not the debt can legitimately be characterized as support. *In re Harrell*, 754 F.2d at 906. Since federal law controls, a domestic obligation may be deemed in the nature of support under § 523(a)(5) even though it may not be classified as support under state law. *Id.* at 905.

The Court may look to state law for guidance as to whether the obligation should be regarded in the nature of support under § 523(a)(5). *In re Jones*, 9 F.3d 878, 880 (10th Cir.1993). Florida law requires an inquiry into whether each party has the ability to pay their own attorney's fees and costs. See *Hyatt v. Hyatt*, 672 So.2d 74, 76 (Fla. 1st DCA 1996). Moreover, it may be reversible error to deny an award of attorney's fees where there exists an undisputed and substantial disparity in incomes between the parties. See *Pfeifer v. Pfeifer*, 616 So.2d 1190, 1191 (Fla. 4th DCA 1993).

Even though state law does not control the determination of dischargeability under § 523(a)(5), the state court record may be sufficient to support a summary judgment if it unambiguously establishes that the debt is in the nature of alimony or support. *In re English*, 146 B.R. 874 (Bankr.S.D.Fla.1992). That is the case here since the Final Judgment specifically includes findings establishing that the attorney's fees are in the nature of support. Specifically, the Final Judgment orders that *"because of the disparity in the parties' respective incomes, earning capacities and financial positions,* the husband shall pay to the wife's attorney, Sheri Smallwood, Chartered, the sum of $15,885.94, as and for the wife's attorney's fees and costs associated with these proceedings." Final Judgment at ¶ 14 (emphasis added).

Since the Final Judgment expressly states that the attorney's fee award is based on the parties' disparity in income, earning capacity and financial condition, the issue here is resolved by simple application of controlling Eleventh Circuit authority. Specifically, in *In re Strickland*, 90 F.3d 444 (11th Cir.1996), the Eleventh Circuit held that an attorney fee award arising from a dissolution action is excepted from discharge if the award is based on need and ability to pay. 90 F.3d at 446.

The attorney's fees in *Strickland* arose out of a custody dispute. Here, most of the issues litigated in the State Court Case involved the equitable distribution of assets, not maintenance or support issues. Nevertheless, where the state court findings specifically award attorney's fees based on need and ability to pay, an award of attorney's fees in a dissolution action is properly characterized as support even if the legal services were not directly related to alimony, maintenance, or support issues. *In re Konicki*, 208 B.R. 572 (Bankr.M.D.Fla.1997). Accordingly, the attorney's fees awarded to Plaintiff are excepted from discharge under § 523(a)(5).

For the foregoing reasons, it is—

ORDERED that Plaintiff's Motion for Summary Judgment is granted. A separate Final Judgment will be entered in accordance with this Order.