In re Gregory L. LAPSLEY, Debtor.

Rosin Law Offices, P.A., Plaintiff,

v.

Gregory L. Lapsley, Defendant.

Bankruptcy No. 98–07637–8C7.
Adversary No. 98–378.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 25, 1999.

Marla J. Rosin, Tampa, Florida, for plaintiff.

Ronald E. Perez, Tampa Florida, for defendant.

## MEMORANDUM OF DECISION

C. TIMOTHY CORCORAN, III,
Bankruptcy Judge.

This adversary proceeding came on for trial on November 9, 1998. The plaintiff is the attorney who represented the debtor's former wife in her dissolution of marriage and post-judgment modification litigation. The defendant (sometimes also "debtor" or "husband") owes the plaintiff amounts awarded to her as attorneys fees in that litigation. The plaintiff seeks a determination that these fees are excepted from the debtor's Chapter 7 discharge pursuant to the provisions of Section 523(a)(5) and (15) of the Bankruptcy Code.

Based upon the testimony and a preponderance of the evidence presented, the court

is persuaded that the fees are excepted from the discharge and that judgment should be entered in favor of the plaintiff.

## I.

The facts of the proceeding are straightforward:

The Circuit Court for Hillsborough County, Florida, dissolved the 25–year marriage of the debtor, George L. Lapsley, and his wife, Elizabeth Lapsley, on November 23, 1994, after a litigated trial. Among other things, the Circuit Court awarded the wife permanent, periodic alimony and periodic child support for the one remaining minor child of the parties. Although the Circuit Court divided some property in the case, the principal issues in the case involved the amount of the husband's income and the amount of alimony and child support to be awarded. The court further provided that:

11. The court reserves jurisdiction over the issue of the Wife's entitlement to any contribution for attorney fees and costs from the Husband, and the parties shall schedule the same for future hearing.

On September 13, 1995, after a contested evidentiary hearing, the Circuit Court entered an order requiring the husband to pay 62 percent of the wife's reasonable attorneys fees and 100 percent of the taxable costs. Under this formula, the court ordered the husband to pay $4,000 in fees and $1,354.70 in costs. In making this award, the court wrote:

3. The [Wife's] gross annual income from employment is $13,764.00 including overtime, and the [Husband's] gross annual income is $59,796. Thus, there is a great disparity in the incomes of the Parties.

The court specifically ordered the husband to pay the fees and costs directly to the wife's attorney, the plaintiff here.

After the parties' sole remaining minor child reached her majority and the husband's obligation to pay child support ceased, the wife filed a modification proceeding seeking an increase in the amount of her permanent, periodic alimony. The General Master conducted a contested evidentiary hearing and made a report and recommendation to the Circuit Court on July 2, 1997. Among other things, the General Master wrote:

.... In this case, there is no indication in the final judgment that the court's award of alimony would not meet the Former Wife's needs, or would otherwise not provide her with a standard of living comparable to that established during the parties' marriage. The master thus finds that the Former Wife has not demonstrated that her needs at the time of final judgment were not fully met as a result of the Former Husband's ability to pay alimony at that time.

The General Master also wrote:

p. Based on the foregoing review of the parties' respective financial positions, the master finds that there has not been a substantial change in circumstances since entry of the final judgment that justifies a modification, either upward or downward, of the Former Wife's permanent periodic alimony award.

Thus, the General Master recommended that the Circuit Court deny the wife's request for modification. Notwithstanding this recommendation, the General Master specifically preserved the wife's claim for attorneys fees on account of the modification proceeding. The master wrote:

3. The Court shall reserve ruling on the issue of attorney's fees and court costs, as raised in the Former Wife's Petition and Motion, for a later date.

The Circuit Court approved, ratified, and adopted the General Master's report and recommendation as an order of the court on July 7, 1997.

Based upon this reservation, the General Master conducted a contested evidentiary hearing as to the wife's entitlement to attorneys fees for the modification proceedings. Following that hearing, the General Master entered another report and recommendation to the Circuit Court on August 20, 1997. In this report, the master wrote:

1. The Former Husband currently nets over $3,485 once his alimony obligation of $620 is deducted and the Former Wife

currently nets $1,987, including the Former Husband's alimony payments.

2. In considering an award of attorney's fees, the Court must consider the total financial posture of the parties. There is no doubt that the Former Husband's financial posture exceeds that of the Former Wife and that there is a disparity in the income of the parties.

3. The Former Wife is clearly entitled to an award of attorney's fees and costs.

\*   \*   \*   \*   \*   \*

As a consequence, the master recommended that the Circuit Court order the husband to pay an additional $4,835 for attorneys fees and costs for the modification proceedings, plus interest. He further recommended that the court order the husband to pay this additional amount directly to the wife's attorney, the plaintiff here.

On November 28, 1997, the Circuit Court entered an order ratifying, approving, and adopting the master's report and recommendation.

After the entry of these orders, the husband made some payments to the wife's attorney on account of these obligations. Excluding interest, there remains unpaid the amount of $2,354.70 on the original dissolution attorneys fee award and the amount of $4,035 on the subsequent modification attorneys fee award, for a total principal amount remaining due of $6,389.70.

Although the state court ordered the husband to pay the attorneys fees and costs directly to the wife's attorney, the wife remains obligated to pay her attorney any amounts not paid by the husband. At trial, the wife's attorney testified that amounts paid by the husband to the wife's attorney would only be paid over to the wife if the wife had already paid her attorney so that the husband's payment would create a credit in the wife's account.

The husband filed his Chapter 7 bankruptcy case on May 6, 1998. He listed these attorneys fees as debts in his schedules.

The husband is presently employed. He earns $60,000 a year, more than he did at the time of the dissolution. He filed the Chapter 7 petition because his bills exceeded his income. Now that most of his debt has been discharged, that is no longer the case. Presently, therefore, the husband does have the ability to pay the attorneys fees at issue in this proceeding.

The only evidence of the wife's financial position is the evidence of her situation at the time of the state court hearings, all as reflected in the financial affidavits she filed then and the orders of the master and the state court. Neither party offered evidence at trial of the wife's current financial situation. Based upon the only evidence in the record as to the wife's financial position, it is apparent that she could probably pay the fees at issue in this proceeding over a substantial period of time, although it would be burdensome for her to do so.

As between the husband and the wife, the husband is in a substantially better financial position than is the wife. The burden of paying these fees would be much greater for the wife than for the husband. Discharging the husband's obligation to pay these fees would result in substantial harm and detriment to the wife to a degree far in excess of any benefit such a discharge would provide to the husband.

## II.

The plaintiff filed a timely adversary complaint to except both attorneys fees awards from the husband's Chapter 7 discharge. Accordingly, the court has jurisdiction of the parties and the subject matter pursuant to the provisions of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the standing, general order of reference entered by the district court. This is a core proceeding within the meaning of 28 U.S.C. § 157(b) and an adversary proceeding governed by the Federal Rules of Bankruptcy Procedure, including Part VII of those rules.

## III.

Section 523(a)(5) of the Bankruptcy Code excepts from the Chapter 7 discharge debts "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child...." The

husband argues that the attorneys fee obligations involved in this proceedings do not fit within this exception from discharge because he owes the obligations to the wife's attorney and not to the wife. He points out that the state court orders specifically order him to pay the wife's attorney and that nothing in the orders establishes or characterizes the obligations as obligations owed to the wife.

Section 61.16, Florida Statutes, is the statutory authority for awarding attorneys fees in connection with dissolution of marriage, custody, and support matters in Florida. It provides in relevant part:

> 61.16 Attorney's fees, suit money, and costs.—
>
> (1) The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals.
>
> \*     \*     \*     \*     \*     \*
>
> *In all cases, the court may order that the amount be paid directly to the attorney, who may enforce the order in that attorney's name.*
>
> \*     \*     \*     \*     \*     \*

(Emphasis added.)

▇ As this statutory scheme makes clear, a party's entitlement to an award of attorneys fees is not properly viewed as a separate or independent claim. It is instead one that flows or stems from the court's ability to consider substantive awards in family law cases under Chapter 61, Florida Statutes. This provision enables a needy party to pursue his or her substantive claims by permitting the court to award fees and costs for the needy party to be paid by the party in superior economic position. Without this provision, a needy party would never have the ability to litigate his or her substantive rights before the court.

Moreover, this scheme also makes the litigating party—and not his or her attorney— the beneficiary of the right to receive an attorneys fee award to be paid by the other party. The provision allowing for the court to order that the attorneys fees "be paid directly to the attorney" is simply an enforcement provision collateral to the party's underlying right to an award of fees to be paid by the other party.

Indeed, on the facts of this case, the wife is the true beneficiary of the award. It is the wife who is the party ultimately responsible for paying her attorney's fees. If the husband fails to pay the fees to her attorney, the wife remains obligated to do so.

Finally, the statutory scheme requires the court to make its attorneys fees determinations "after considering the financial resources of both parties," just as the court does in making traditional, substantive alimony and child support determinations.

As a consequence, the court is persuaded that an attorneys fees award made by a court pursuant to Section 61.16(1), Florida Statutes, is an award "to a spouse, former spouse, or child of the debtor" within the meaning of Section 523(a)(5) of the Bankruptcy Code even if the court orders the amount to be paid directly to the former spouse's attorney. *Thomasson v. Thomasson (In re Thomasson)*, 199 B.R. 801, 803 (Bankr.M.D.Fla.1996); *Wester v. Wester (In re Wester)*, 187 B.R. 358, 361 (Bankr. M.D.Fla.1995).

▇ The husband next argues that the attorneys fees awards in dispute are not alimony or child support and that they are not identified as such in the state court orders. It is fundamental, of course, that an obligation's character as child support or alimony is a matter of federal law to be determined by the bankruptcy court and that the court's decision is not controlled by characterizations—or lack of characterizations— contained in the state court orders. *Harrell v. Sharp (In re Harrell)*, 754 F.2d 902, 904– 05 (11th Cir.1985).

▇ In this case, the state court made the original attorneys fees determination in conjunction with the original dissolution of marriage and child support proceeding, the principal issues of which involved the amount of the husband's income and the amount of alimony and child support to be awarded.

The court considered and determined the parties' financial resources in making the attorneys fees award. It is apparent that the court's rationale for making the attorneys fees award was the wife's disproportional economic means and the need she demonstrated for such an award. The court orders specifically recite this. As such, the attorneys fees award was as much for her support and maintenance and that of her remaining minor child as were the substantive alimony and child support awards that the court also made. *Strickland v. Shannon (In re Strickland)*, 90 F.3d 444, 446–47 (11th Cir.1996); *Smallwood v. Finlayson (In re Finlayson)*, 217 B.R. 666, 669 (Bankr.S.D.Fla.1998); *Konicki v. Kelly (In re Konicki)*, 208 B.R. 572, 574 (Bankr.M.D.Fla.1997); *Hall v. Hall (In re Hall)*, 119 B.R. 272, 277 (Bankr. M.D.Fla.1990); *Midnet v. Midnet (In re Midnet)*, 84 B.R. 776, 779 (Bankr.M.D.Fla. 1988).

Similarly, the court awarded attorneys fees for the later modification proceeding based upon the wife's needs and the parties' unequal economic circumstances. Although the husband points out that the wife's efforts to modify her permanent, periodic alimony were unsuccessful and argues that attorneys fees for such unsuccessful modification attempts cannot therefore be alimony, the fact is that the state court awarded attorneys fees because the wife, in the circumstances, needed them. *Strickland,* at 447.

For these reasons, the court is also persuaded that the attorneys fees in issue are "for alimony to, maintenance for, or support of such spouse or child" within the meaning of Section 523(a)(5) of the Bankruptcy Code.

All of these fees are therefore excepted from the debtor's discharge pursuant to Section 523(a)(5).

### IV.

Section 523(a)(15) of the Bankruptcy Code excepts from the Chapter 7 discharge debts: not of the kind described in [Section 523(a)(5)] that [are] incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a government unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

For the reasons described in Part III above, the court has found that the attorneys fees in issue are "of the kind described in [Section 523(a)(5)]." Accordingly, the court need not reach the issues presented by Section 523(a)(15).

■ Ruling in the alternative, however, the court has also determined that the debtor is in a substantially better financial position than is the wife, that the debtor has the ability to pay the fees, that the burden of paying these fees would be much greater for the wife than for the debtor, and that discharging the debtor's obligations would result in substantial harm and detriment to the wife to a degree in excess of any benefit such a discharge would provide the debtor. In the circumstances, therefore, the court would also except these obligations from the debtor's discharge under Section 523(a)(15) of the Bankruptcy Code. *Duet v. Richards (In re Richards)*, 207 B.R. 266, 268–69 (Bankr. M.D.Fla.1997).

### V.

For these reasons, the court is persuaded that the fees at issue here are excepted from the debtor's Chapter 7 discharge. Accordingly, the court will enter a separate judgment consistent with this decision.

DONE and ORDERED.