**In re Mark S. WHITNEY, Debtor.**

**Clydia Allen Turner, Plaintiff,**

**v.**

**Mark S. Whitney, Defendant.**

**Bankruptcy No. 00–21440.**
**Adversary No. 01–2004.**

United States Bankruptcy Court,
D. Maine.

Aug. 1, 2001.

Clydia Allen Turner, Ahlgren, Perrault & Turner, Portsmouth, NH, for Plaintiff.

Mark S. Whitney, pro se.

JAMES B. HAINES, Jr., Chief Judge.

Before me for decision on a stipulated record is the plaintiff's complaint seeking a declaration of non-dischargeability, pursuant to § 523(a)(5) of the Bankruptcy Code, regarding the debtor's state court-imposed obligation for his ex-wife's attorney's fees. For the reasons set forth below, I conclude that the obligation is excepted from discharge.[1]

---

1. This memorandum sets forth findings of fact and conclusions of law in accordance with

## Background

Mark S. Whitney (debtor) filed a *pro se* petition for relief under chapter 7 of the Bankruptcy Code on October 19, 2000. The first meeting of creditors was set for November 15, 2000, *see* Fed. R. Bankr.P. 2003(a), and Clydia Allen Turner (plaintiff) timely filed her "Objection to Debtor's Attempt to Discharge Attorney's Fees" on January 16, 2001, *see* Fed. R. Bankr.P. 4007(b) (complaint seeking determination of nondischargeability under § 523(a)(5) may be filed at any time).[2] The debtor filed an answer, and a pretrial hearing was held on May 10, 2001. At the pretrial hearing the parties agreed that this matter could be decided on a stipulated record and memoranda of law.

## Discussion

The stipulated record includes a copy of the state court divorce judgment imposing the fee obligation on the debtor. The state court made the award based upon, *inter alia,* the parties' "ability to absorb the costs of litigation" and their respective "earnings and earning capacities." Adv. Pro. Doc. No. 10, Divorce Judgment Attachment, ¶ 11. The court also considered that "the length and complexity of [the divorce] litigation has been substantially increased by [the debtor's] failure to pay interim child support and spousal support." *Id.*

In *Marquis v. Marquis (In re Marquis)*, 203 B.R. 844 (Bankr.D.Me.1997), this court observed:

In *Kline* the 8th Circuit held, as a matter of law, that a court-ordered obligation owed by a debtor ex-husband to his former wife's attorney for divorce representation could come within § 523(a)(5) even though under the terms of the order he owed the obligation to the attorney rather than to his ex-spouse. 65 F.3d at 751. The court was clear, however, that the question whether a fee award was intended to serve as alimony, maintenance or support is a separate, factual question. *Id.* at 750. In *Tremblay* Judge Goodman addressed

Fed. R. Bankr.P. 7052 and Fed.R.Civ.P. 52. Unless otherwise indicated, all citations to statutory sections are to the Bankruptcy Reform Act of 1978, as amended, ("Code" or "Bankruptcy Code"), 11 U.S.C. § 101 *et seq.*

2. The "Objection" was filed by the debtor's former spouse's divorce attorney, in her own capacity, objecting to "Debtor, Mark S. Whitney, discharging *her* debt in bankruptcy." Adv. Pro. Doc. No. 1, Objection, ¶ 1 (emphasis added). Subsequently, Ms. Turner filed an adversary proceeding cover sheet that listed as "Plaintiff" both herself and the debtor's former spouse. In all pleadings, however, and in the "Objection," Ms. Turner refers only to herself as plaintiff. There has been no objection to Ms. Turner's standing to bring the § 523(a)(5) complaint and no motion requiring her to join her client as a party. It is far better practice for the former spouse to bring, or join in, the complaint. Nevertheless, I have reviewed the state court orders at issue and have determined that the fee award was made *to* the debtor's former spouse, despite the divorce court's directive to the debtor to satisfy the obligation by paying the attorney directly. The underlying obligation is, therefore, "to" the debtor's "former spouse," as required by the statute. *See* § 523(a)(5); *Brasslett v. Brasslett (In re Brasslett)*, 233 B.R. 177, 188 n. 21 (Bankr.D.Me.1999) (citing authorities holding that a state court's directive to pay an award of attorney's fees directly to the attorney "does not bar the conclusion that they fall within the embrace of § 523(a)(5)"). Alternatively, it is necessarily implicit in the state court order that the debtor is to hold his former spouse harmless from her attorney's claims to the extent of the fee award. *E.g., Dressler v. Dressler (In re Dressler)*, 194 B.R. 290, 297 (Bankr.D.R.I.1996) (recognizing hold harmless/indemnification agreements as common features of divorce decrees that, to the extent they seek to protect one spouse from liability (or potential liability), constitute an obligation owing directly from one spouse to the other).

the same issues, determining first that a state court fee award directing the debtor to pay counsel fees for his children's *guardian ad litem* was "in the nature of support," and, second, that, as a matter of law, the fact that the debtor had been ordered to pay the attorney directly did not remove it from the statutory requirement that the debt be "to a spouse, former spouse, or child of the debtor."

*In re Marquis*, 203 B.R. at 848–49. *See, e.g., Holliday v. Kline (In re Kline)*, 65 F.3d 749 (8th Cir.1995), and *Heintz v. Tremblay (In re Tremblay)*, 162 B.R. 60 (Bankr.D.Me.1993). The *Marquis* plaintiff was ultimately unsuccessful in her effort to have her former spouse's divorce-related attorney's fee obligation determined nondischargeable, but only because she failed to submit evidence supporting her claim that the fee award was "intended to function as alimony, maintenance, or support to her." *In re Marquis*, 203 B.R. at 849.

In contrast, the record before me clearly links the fee award to the divorcing parties' respective economic circumstances and represents part of the state court's overall attempt to provide the debtor's former spouse with a "fair financial start" in her post-divorce life. It was, and is "in the nature of support" within the meaning of § 523(a)(5). *See In re Brasslett*, 233 B.R. 177 (Bankr.D.Me.1999); *In re Dressler*, 194 B.R. 290, 297 (Bankr.D.R.I.1996). The fee award is, therefore, excepted from discharge.

### Conclusion

A separate order granting judgment for the plaintiff will enter forthwith.