In re: Carmelo D. PALOMINO, Debtor.

David L. Manz, Plaintiff,

v.

Carmelo Palomino, Defendant.

Bankruptcy No. 05–42173–BKCLMI.
Adversary No. 06–01061–BKC–LMI.

United States Bankruptcy Court,
S.D. Florida.

Oct. 13, 2006.

David L. Manz, Marathon, FL, pro se.

D. Jean Ryan, Miami, FL, for Carmelo Palomino,

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

LAUREL MYERSON ISICOFF, Bankruptcy Judge.

This matter came before the Court on September 6, 2006 at 9:30 a.m. on the Defendant's Motion to Dismiss Complaint to Determine Dischargeability of Debt for Lack of Standing and for Failure to State a Claim Upon Which Relief Can be Granted (CP # 35). The Court has reviewed the pleadings filed by the parties, the record in this case, considered argument of counsel, and all other matters the Court deems pertinent to this decision. For the reasons set forth below, the Motion to Dismiss is Denied.

### FACTS

Prior to filing bankruptcy, Carmelo Palomino (the "Debtor" or "Defendant") and his then wife, Lana Palomino (the "Former Spouse") went through what was evidently a heavily contested divorce proceeding. The Plaintiff, David Manz (the "Plaintiff") represented the Former Spouse in her divorce proceedings.

The trial court entered a Final Judgment of Dissolution (the "Divorce Judgment") and a final judgment awarding attorney fees (the "Fee Judgment"). The Plaintiff alleges those fees were awarded based on the disparities in the financial positions of the Debtor and the Former Spouse. The Debtor appealed the Fee Judgment, which judgment was reversed and remanded for a new evidentiary hearing. The Plaintiff was also awarded appellate fees, with directions to the trial court to set the amount of fees. The Debtor appealed the trial court's award of the appellate fees as well.

In addition to the appeals, there was evidently ongoing litigation relating to child support, which apparently resulted, among other things, in entry by the trial court of one or more contempt orders against the Debtor.

At some point prior to the renewed evidentiary hearing on attorney fees, the Former Spouse and the Debtor entered into a Stipulation of Settlement, Order Approving Settlement and Dismissal (the "Settlement Agreement") pursuant to which the Debtor agreed to pay a certain amount of child support, the Former Spouse agreed to seek dissolution of the contempt orders, and Debtor agreed

"to pay the total sum of $10,000.00 (ten-thousand dollars) to attorney David Manz in full and satisfactory settlement of all attorney's fees orders, awards, entitlements, and requests to date; for all work David Manz had done on behalf of the Respondent/Former Wife, at either the trial-level or appellate-level; and, regardless of whether the same has been reduced to judgment or may be contingent upon the court(s) ruling on, at a later date. Said payment to be made directly to David Manz, Esq., as attorney for the Respondent/FormerWife, within ninety (90) days from the date of this agreement."

The Plaintiff was not a party to the Settlement Agreement. The Former Spouse terminated the Plaintiff's employment at the time the Settlement Agreement was signed.

The Debtor then filed with the appellate court a motion to remand all appellate

proceedings (i.e. the attorney fee appeals) stating in the motion for remand that approval of the Settlement Agreement was set for hearing before the trial court the following week. The appellate court granted the motion. The Plaintiff's motion for rehearing of the order of remand was denied. The Plaintiff then wrote to the Debtor advising the Debtor that the Plaintiff would accept the $10,000.00 described in the Settlement Agreement. The Debtor did not pay the Plaintiff the $10,000.00.

The Debtor filed his chapter 7 case on October 6, 2005 (the "Petition Date").

## PROCEDURAL BACKGROUND

On January 17, 2006 the Plaintiff filed a Complaint to Determine Dischargeability of Debt. In the Complaint the Plaintiff alleges that, pursuant to the Settlement Agreement, Debtor is indebted to the Plaintiff, which debt is in the nature of alimony, maintenance or support and is, consequently, nondischargeable pursuant to 11 U.S.C. § 525(a)(5). On March 17, 2006, the Debtor filed his Answer and Affirmative Defenses (CP # 13).

On August 3, 2006 the Debtor filed his Amended Motion to Dismiss the Complaint[1] (CP # 35), arguing (a) that the Plaintiff does not have standing to bring the action, (b) that the Debtor does not owe any obligation to the Plaintiff, (c) that the Plaintiff is not entitled to the relief sought because there is no order or judgment awarding fees to the Plaintiff, (d) that, in any event, the attorney fees are dischargeable because there is nothing in the Settlement Agreement that indicates the parties had any intent the fees be nondischargeable, and the Settlement Agreement was clearly in the nature of a property settlement agreement, and finally, (e) since the Former Spouse's obligations to the Plaintiff have been discharged in her bankruptcy, the obligation owed to the Plaintiff cannot be considered an obligation to a former spouse, as required by 11 U.S.C. § 523(a)(5).

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Because the Debtor's bankruptcy case was filed before the effective date of BAPCPA[2] changes to 11 U.S.C. § 523(a)(5), the Court must review the statute as it was in effect prior to BAPCPA.

■ Because the Debtor filed his answer several weeks prior to filing his motion to dismiss, the motion to dismiss is untimely. Fed.R.Civ.P. 12(b)(6) made applicable to these proceedings by Fed. R. Bankr.P. 7012, provides that a motion to dismiss for failure to state a claim upon which relief can be granted "shall be made before pleading if a further pleading is permitted." While some courts allow a motion to dismiss to be filed simultaneous with an answer, see, e.g., Contois v. State Mut. Life Assur. Co. of Worchester, Mass., 66 F.Supp. 76 (N.D.Ill.1945), a motion to dismiss filed weeks after the answer was filed is certainly untimely. See Skrtich v. Thornton, 280 F.3d 1295 (11th Cir.2002). Moreover, the Debtor appended several exhibits to the Amended Motion to Dismiss and relies on these exhibits in his argument. When a party relies on documents outside the pleadings, this Court

1. The Debtor filed his original Motion to Dismiss (CP # 30) on July 26, 2006. The Amended Motion was apparently filed to supplement the original motion with a missing page.

2. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

must treat a motion to dismiss as a motion for summary judgment. Fed.R.Civ.P. 12(b); *Bost v. Federal Express Corp.*, 372 F.3d 1233 (11th Cir.2004).

Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering whether a genuine issue of material fact remains for trial, the court must "view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Loren v. Sasser*, 309 F.3d 1296, 1301–1302 (11th Cir.2002). However, "a mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Id.* at 1302 (quoting *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990)).

In the instant case the Plaintiff has raised sufficient material facts, that, if proven, would entitle the Plaintiff to relief, and therefore summary judgment is denied.[3]

## THE ATTORNEY FEES MAY BE NON–DISCHARGEABLE

### *There is no requirement under 11 U.S.C. § 523(a)(5) that the debt arise from a judgment or order*

■ Debtor's argument that Plaintiff is not entitled to relief in the absence of an order awarding fees is not supported by the law. 11 U.S.C. § 523(a)(5), pre-BAPCPA, provides that any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, *in connection with a separation agreement . . . or property settlement" (emphasis added)* may be excepted from discharge. The statute does not require an order or judgment in order for a debt to meet the standards for nondischargeability under section 523(a)(5); debts arising from a settlement agreement are equally eligible for nondischargeability under section 523(a)(5).[4]

---

3. Even if the Court were to consider this matter on a motion to dismiss the result would be the same. A motion to dismiss under Fed.R.Civ.P. 12(b)(6)—that is, dismissal for failure of the complaint to state a claim upon which relief can be granted—is appropriate only where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations". *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). "A motion to dismiss is only granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir.), *cert. denied*, 525 U.S. 1000, 119 S.Ct. 509, 142 L.Ed.2d 422 (1998)(citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In reviewing the complaint, the court must accept as true all allegations of the complaint for purposes of determining whether dismiss-

al is appropriate. *See Hishon v. King & Spalding*, 467 U.S. at 73, 104 S.Ct. 2229; *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703 (11th Cir.1998). Of course, the court's denial of the motion to dismiss does not necessarily mean that the plaintiff will ultimately prevail on the merits of the claim; the denial is solely a recognition that the plaintiff has alleged sufficient facts to be given the opportunity to prove plaintiff is entitled to the relief plaintiff seeks in the complaint. *Harris v. Procter & Gamble Cellulose Co.*, 73 F.3d 321 (11th Cir.1996). The Plaintiff has adequately alleged a claim upon which relief can be granted.

4. Although at oral argument the Debtor contends no order approving the Settlement Agreement was ever entered, the Debtor's Motion for Remand, a copy of which is attached to the Amended Motion to Dismiss, requested the appellate court remand the matter to the trial court "for entry of an

*The Settlement Agreement does not appear to be a property settlement agreement and the intent of the Settlement Agreement is not clear*

In the instant case, the Debtor argues that not only was there no intent indicated in the Settlement Agreement that the attorney fees would be nondischargeable, but "[t]o the contrary, the Former Spouse knew the Debtor would be filing for bankruptcy relief ...."[5] Moreover, the Debtor argues, the Settlement Agreement is a property settlement agreement and therefore the obligations are not covered under section 523(a)(5). Finally, the Debtor argues that the Former Spouse received $30,000.00 as part of the Settlement Agreement and therefore she did not need the Debtor to pay the attorney fees to the Plaintiff.[6]

■ The determination of whether attorney fees are nondischargeable under 11 U.S.C. § 523(a)(5) is a matter of federal law, *In re Harrell,* 754 F.2d 902 (11th Cir.1985), and requires only "a simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is in the *nature* of support." *Strickland v. Shannon (In re Strickland)* 90 F.3d 444 (11th Cir.1996)*(emphasis in original).* While the determination is a matter of federal law, the Court can look to state law for guidance even though state law is not controlling *Id.; Smallwood v. Finlayson (In re Finlayson),* 217 B.R. 666 (Bankr. S.D.Fla.1998).

■ "To determine whether an attorney fee award is nondischargeable, the [c]ourt must determine whether the debt connected with the fees is nondischargeable." *In re Taylor,* 252 B.R. 346, 352 (Bankr.E.D.Va.1999)(quoting *Roberson v. Roberson (In re Roberson),* 187 B.R. 159, 163 (Bankr.E.D.Va.1995)). The Court cannot look at the label placed upon a debt to determine whether the debt is in the nature of support or alimony. *Cummings v. Cummings (In re Cummings),* 244 F.3d 1263 (11th Cir.2001). It is a "well established principle of bankruptcy law that dischargeability must be determined by the substance of the liability rather than its form." *Pauley v. Spong (In re Spong),* 661 F.2d 6, 9 (2d Cir.1981).

■ While the intention of the parties is certainly a significant factor to consider when the obligation arises in connection with a settlement agreement, in making its decision, the court must "examine the circumstances that existed at the time the obligation was created". *Brasslett v. Brasslett (In re Brasslett),* 233 B.R. 177, 188 (Bankr.D.Me.1999) (quoting *Dressler v. Dressler (In re Dressler),* 194 B.R. 290 (Bankr.D.R.I.1996)). A debt that would be nondischargeable at the time it was created will still be nondischargeable even if circumstances have changed as of the petition date. *In re Harrell,* 754 F.2d 902 (finding a debt in the nature of support did not lose its status as a nondischargeable debt even if, as the debtor alleged, as of the petition date debtor's former spouse no longer "needed" the payments).

---

Order consistent with the terms" of the Settlement Agreement, and advised a motion for approval had been filed and a hearing set for the following week before the trial court. A review of the trial court docket shows the absence of an order appears to be due solely to the Debtor's bankruptcy.

**5.** In his Amended Motion to Dismiss the Debtor admits "Former Spouse knew Debtor would be filing for bankruptcy relief, and

allowed for the obvious omission of any specific language declaring the attorney's fees referenced in said Agreement to be deemed in the nature of support or maintenance, or otherwise non-dischargeable in bankruptcy."

**6.** The Debtor is also obligated to pay the Former Spouse an additional $30,000.00 in the future.

■ In determining whether an attorney fee obligation is nondischargeable, courts have focused generally on two alternative criteria. In certain cases the courts have looked at the nature of the primary underlying obligation from which the attorney fees arose. *See, e.g., Mellor v. Washuta (In re Mellor),* 340 B.R. 419 (Bankr.M.D.Fla.2006)(where support and non-support issues were inextricably intertwined, attorney fees awarded in connection with litigation would be considered in the nature of support); *In re Taylor,* 252 B.R. 346 (attorney fee award integrally related to contested issues that included support was nondischargeable); *Anderson v. Beardsley (In re Beardsley),* 118 B.R. 120, 122 (Bankr.M.D.Fla.1990)("Obligations to pay attorney fees for the former spouse may be declared nondischargeable if the attorney fees are related to obtaining the enforcement of alimony, maintenance, or support payments.")

In other cases the courts have looked at the basis for the state court's decision in awarding the fees. If the fees were awarded to the wife based on the state court's finding of need and the relative financial position of the parties, then, using state law as a guide, the court has found the award of payment of attorney fees itself was in the nature of support and therefore nondischargeable. *See, e.g., In re Taylor,* 252 B.R. 346; *In re Finlayson,* 217 B.R. 666 (finding an attorney fee award was in the nature of support where the court order reflected the award was based on the disparity in the parties' respective financial positions). *See also* Fla. Stat. § 61.16 (2003).[7]

■ On its face, the Settlement Agreement appears only to deal with issues relating to child support and orders arising out of the Debtor's failure to meet his court-ordered child support obligations. Moreover, the Plaintiff has alleged the original trial court award of fees was based on the relative financial position of the parties. Finally, since the Settlement Agreement contains both provisions for the Debtor to pay the Former Spouse the back child support and to pay her former attorney at least some amount of attorney fees, it appears, for purposes of summary judgment, the Plaintiff has alleged sufficient material facts, that, if proven true, would indicate the attorney fees either arose directly in connection with a dispute over child support, or, are so difficult to distinguish that the fees could, under applicable law, be found to be integrally intertwined with support and maintenance issues, or may have been designed to separately provide payment in the nature of support due to the disparate financial position of the parties.[8] Moreover, the fact that the Settlement Agreement separately and distinctly required the payment of attorney fees in addition to other amounts to be paid to the Former Spouse indicates the Former Spouse expected the Debtor to pay the fees, and appears to contradict the Debtor's assertion that the Former Spouse didn't "need" the Debtor to pay the attorney fees.

### The obligation to pay attorney fees under the Settlement Agreement is an obligation to a former spouse

■ The Debtor argues that since the Former Spouse filed bankruptcy, and any

---

7. The Settlement Agreement is dated March 24, 2005.

8. It is not necessary for the Court at this juncture to consider the disturbing admission by Debtor that he apparently intended to ma-

nipulate the circumstances to avoid paying the attorney fees that he undertook contractually to pay, an intent that, on its face, raises issues of bad faith that do not need to be resolved on summary judgment.

obligation she had to Plaintiff is discharged,[9] the attorney fees for which the Plaintiff seeks payment do not constitute a debt "to a former spouse" as required by the statute. This argument is directly contradicted by the Debtor's own assertions. In his Motion to Dismiss, the Debtor several times notes that only the Debtor and the Former Spouse were parties to the Settlement Agreement and argues the Debtor's obligation in the Settlement Agreement to pay the Plaintiff is "[a]t most, ... a mere contractual obligation to the Former Spouse." There is no question that the agreement to pay fees is a contractual obligation made by the Debtor to the Former Spouse, and consequently the agreement to pay the fees is a debt to the Former Spouse, whether or not her direct obligation to pay the Plaintiff attorney fees is now extinguished. *See In re Spong,* 661 F.2d at 11 (reasoning that if the ex-husband pays the ex-wife's attorney under the settlement agreement as the ex-husband agreed to do, then at that time the ex-husband will satisfy not only his obligation to the attorney as a third party beneficiary under the settlement agreement, but also ex-husband's obligation to his wife under the same agreement).

Those cases in which the court noted a continuing liability of the former spouse to pay attorney fees as a basis for finding the attorney fees were in the nature of support are not inconsistent with this conclusion. As noted above, the relevant time period to determine whether the attorney fee obligation was in the nature of support or otherwise non-dischargeable is when the obligation was incurred, not now. No one has alleged that at the time the Settlement Agreement was signed the Former Spouse was not obligated to pay the Plaintiff attorney fees. Moreover, whether the Former Spouse has continuing liability is a factual issue that will be addressed by this Court at the appropriate time.

### Plaintiff has standing to file this complaint

■ The Debtor argues that the Plaintiff does not have standing to bring this Complaint because only the Former Spouse can bring the action and that the Debtor has no obligation to the Plaintiff since the Plaintiff was not a party to the Settlement Agreement.

■ The law is well-settled that an attorney who has been awarded attorney fees in a dissolution action and related litigation has standing to seek payment of those fees in bankruptcy, even if the award is to the attorney directly rather than to the former spouse. *Holliday v. Kline (In re Kline),* 65 F.3d 749 (8th Cir.1995); *In re Spong,* 661 F.2d 6; *Cibula v. Ackerman (In re Ackerman),* 247 B.R. 336 (Bankr. M.D.Fla.2000); *Anderson v. Beardsley,* 118 B.R. 120; *Turner v. Whitney (In re Whitney),* 265 B.R. 1 (Bankr.D.Me.2001). This is equally true if the obligation arises from a settlement agreement rather than from a court order. *In re Spong,* 661 F.2d at 10 (recognizing the attorney's right to sue for attorney fees contractually promised to the attorney in a stipulation of settlement between husband and wife the court wrote "[w]e view [the ex-husband's] undertaking to pay his wife's legal fees as a paradigmatic third party beneficiary contract ....")

---

9. Apparently at some time subsequent to the execution of the Settlement Agreement, the Former Spouse filed bankruptcy. The Defendant argues that "upon information and belief" any obligation the Former Spouse had to the Plaintiff to pay his attorney fees was discharged in her bankruptcy. Although the Plaintiff, who is not a bankruptcy attorney, does not dispute this, there is nothing in the record or pleadings that supports this allegation that the Court can consider on summary judgment.

The Debtor also points to Florida law in support of his position that the Plaintiff has no right to enforce the attorney fee provision of the Settlement Agreement, but such argument is not well-founded. While it is true that under Florida law a third party cannot seek to enforce a contract where such third party may derive only an incidental or consequential benefit from the contract, *Metropolitan Life Ins. Co. v. McCarson,* 467 So.2d 277 (Fla.1985), it is equally true that there is no such limitation when the third party is the intended third party beneficiary of the contract. *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.,* 647 So.2d 1028 (Fla. 4th DCA 1994); *Warren v. Monahan Beaches Jewelry Center, Inc.,* 548 So.2d 870 (Fla. 1st DCA 1989); *Nu–Way Plumbing, Inc. v. Superior Mechanical, Inc.,* 315 So.2d 556 (Fla. 2d DCA 1975).

A third party "is an intended beneficiary only if the parties to the contract clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party ...." *Caretta Trucking, Inc.,* 647 So.2d at 1031. Since the Settlement Agreement clearly identifies the Plaintiff, clearly describes the payment obligation to the Plaintiff and the terms of payment, there is no question that the Plaintiff was a third party beneficiary to the Settlement Agreement.

Accordingly, under federal and state law, the Plaintiff has standing to bring this action.

## CONCLUSION

The Defendant's Amended Motion to Dismiss, which this Court has considered as a motion for summary judgment, is DENIED. This matter will go forward in accordance with this Court's Order Setting Discovery Cutoff Date, Deadline to File Case Dispositive Motions, Final Pretrial Conference and Trial dated September 13, 2006 (CP # 45).